DANAHY, Acting Chief Judge.
The appellant asserts five issues as grounds for reversal of the order of restitution entered in this case. We find merit in the first issue and reverse.
Judge Stanley Mills sentenced the appellant on October 26,1994, based on the appellant’s plea of no contest to all counts charged in the information filed by the State. Judge Mills stayed imposition of prison sentences, placing the appellant on concurrent terms of probation. The order of probation stated “you will pay restitution at $150.00 per month to be deposited with clerk until full amount determined.”
Nothing further occurred in this ease with regard to restitution until October 23, 1996, when the matter came before Judge William R. Webb. The transcript of the hearing which took place on that date indicates that Judge Webb was upset at the amount of time which had passed without the entry of a restitution order. He stated:
I’m setting this for restitution hearing November 18th, at 3:00. I’m advising both Mr. Bukowski and the State that there isn’t going to be any continuance of this. So if you need witnesses, get your witnesses for that hearing.
The appellant’s defense counsel in these criminal proceedings had been allowed to withdraw as counsel on January 16,1996. At the restitution hearing held on November 18, the appellant was represented by Michael Reese. Mr. Reese had represented the appellant in a civil action filed against him in Pasco County by the alleged victims of the crimes with which the appellant was charged in this case. The civil action was a stockholder’s derivative action which went to mediation resulting in a stipulation entered on May 30,1995.
The restitution issues in this ease are complex. It would appear that Mr. Reese would be familiar with those issues because of his representation of the appellant in the civil proceedings. At the restitution hearing held on November 18, Mr. Reese was present to represent the appellant.
The hearing on November 18 was not completed. Judge Webb announced that he had scheduled a meeting of the Inns of Court at 5:00 but stated that he had plenty of time on the next day’s calendar so that “what we can’t finish today we’ll finish tomorrow.” Thereupon, Mr. Reese announced that he had a conflict the next day and asked that the matter be rescheduled for another time. *614 Later on Judge Webb repeated his statements that he intended to finish the hearing and intended to proceed forward until the hearing was finished.
As a result, the restitution hearing concluded the following day with Mr. Bukowski present but not represented by counsel.
We believe the trial court abused its discretion under these circum stances. It was entirely unnecessary to put the appellant in the position of having to represent himself the next day at the continuation of the restitution hearing. The trial court, though it may not have been able to accommodate Mr. Reese, could at least have given the appellant an opportunity to obtain counsel and give that counsel enough time to prepare for the conclusion of the restitution hearing.
Because we believe that the trial court erred in denying the motion for continuation, we reverse the order of restitution and remand for further proceedings. Our disposition on this ground makes it unnecessary for us to consider the remaining issues raised by the appellant.
Reversed.
ALTENBERND and WHATLEY, JJ., concur.